THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Claude Martinez v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:20-cv-00417<br><br>*Darryl Munn v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:19-cv-04421<br><br>*Larry Northington v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:19-cv-04289<br><br>*Janet Stapley v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:20-cv-00409 | MDL No. 2848<br>Civil Action No. 2:18-md-02848-HB |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 342

Bartle, J.                                                          January 11, 2021

       Plaintiffs bring these actions against defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (together, "Merck") seeking damages for injuries allegedly suffered from Zostavax, a shingles vaccine.  They are part of over 1,800 actions assigned to the undersigned in Multidistrict Litigation ("MDL") No. 2848 for coordinated or consolidated pretrial proceedings.  Before the Court is the omnibus motion of Merck to dismiss the above captioned actions under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure for the failure to

produce Plaintiff Fact Sheets ("PFS") in accordance with Pretrial Orders ("PTO") Nos. 46 and 328.

PTO 46 requires each plaintiff who files an action in this MDL to serve a verified PFS and signed medical release authorizations on Merck within 45 days of the date Merck responds to his or her complaint.  The PFS is a questionnaire in which each plaintiff provides, among other information, the date the Zostavax vaccine was received, each injury claimed to be caused by Zostavax, the date the plaintiff became aware of the injuries, the health care providers who diagnosed and treated the injuries, and the dates of that diagnosis and treatment. The medical release authorizations permit Merck to collect records from the health care providers identified in the PFS.

The above captioned plaintiffs are each represented by the Potts Law Firm.  They did not serve PFS's on Merck by the deadline set out in PTO 46.  Merck moved for an order compelling them to do so.  The Court granted Merck's motion and in PTO 328 ordered the plaintiffs to serve completed PFS's and medical release authorizations by November 30, 2020.  We warned the plaintiffs that failure to comply with PTO 328 may result in the dismissal of their actions.

Plaintiff Claude Martinez served a materially complete PFS the day Merck filed the pending motion to dismiss.  Merck agreed to withdraw the motion as to him.  The Court will deny

the motion of Merck to dismiss Martinez's action as moot.

Plaintiff Janet Stapley requested in response to Merck's motion that her action be dismissed without prejudice. The Court will grant the motion of Merck to dismiss the action.

Plaintiffs' counsel repeatedly attempted by telephone and by letter to inform plaintiffs Larry Northington and Darryl Munn of the requirements of PTO's 46 and 328. On December 11, 2020, counsel informed the Court that these plaintiffs had not yet responded and that their addresses may have changed. Counsel requested leave for additional time to comply with PTO 328.

When exercising the discretion to impose the sanction of dismissal, a district court to the extent relevant, must consider the six factors set out by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). In re Avandia Mktg., 687 F. App'x 210, 213 (3d Cir. 2017).

The information sought by the PFS, at minimum, is necessary to assess the meritoriousness of the claim of each plaintiff in this MDL that Zostavax caused them injury. A plaintiff's failure to serve a PFS undermines the purpose of centralizing the actions in an MDL. The failure of Northington and Munn to serve PFS's greatly prejudices Merck, which as a result cannot assess the merits of their claims against it.

Counsel for Northington and Munn have requested more time to comply with PTO 328.  However, neither they nor their counsel have updated the Court as to the status of the delinquent PFS's since December 11.  We find the Poulis factors weigh in favor of dismissal of their actions.  Accordingly, we will grant the motion of Merck to dismiss the actions of plaintiffs Larry Northington and Darryl Munn.